McIlvaine, J.
"When this cause was before the court on the petition in error of Albert Stein, the judgment rendered in general term, affirming the judgment at special term, was reversed solely on the ground that the court at special *297 term erred in rendering judgment in favor of Benson’s administrator and against Stein, without either making Hodgson a party to the action, or determining the right of Hodgson to subject the indebtedness of Stein to Benson tc the satisfaction of his judgment. By that judgment Stein was ' exposed to the risk of being compelled to pay his indebtedness to Benson’s administrator, and afterward to Hodgson in his action in aid of execution. It is true, the court by its judgment at special term ordered the money to. be paid into court to abide its further order, and reserved alt other issues in the case for future determination ; but this court was of opinion that this order and reservation did not afford to Stein all the security to which he was entitled. Hodgson’s proceeding in aid of execution having been commenced before the original action, he was not bound to appear in the original action to assert his right; and It seemed to us that Benson’s administrator was not entitled to judgment against Stein until Hodgson’s right was determined, or at least, until he was made a party to the action.
It having been suggested to this court, however, that Hodgson had become a party to the original action, and would, therefore, be bound by the judgment., and order of the court in regard to the disposal of the money, the judgment of affirmance was reversed, and the cause remanded for such judgment as might be proper in view7 of the then state of the record.
The case being thus again- before the court below, In. general term, and it having been made to appear of record that Hodgson had no interest in the subject-matter of the suit, by reason of the dismissal of his action in aid of execution, the proper judgment, under the then state of the record, would have been an affirmance of the judgment at special term. The alleged claim of Hodgson having been determined against him, the premature rendition of the judgment ceased to be prejudicial to Stein, inasmuch, as -between him and Benson’s administrator, the latter, upon *298 the pleadings, was entitled to the judgment rendered in his favor.
■■ ■'We'are informed, however, in argument, that the judgment of reversal was based on the ground of a supposed! departure in pleading, that is to say, that the judgment was ■ rendered in favor of Benson’s administrator on an award, as prayed for in the reply, whereas, the cause of action as stated in the cross-petition, arose on an unsettled account.
While no such ground was alleged in the petition in error, we admit the right of a reveiwing court, to reverse on grounds not specially assigned for error, if, in its discretion,. it chooses to do so; yet we do not find the error now relied on iu the record.
After deducting the set-offs pleaded- in the answer from the amount admitted to be owing on the award, as was-done below, the administrator would have been entitled to-the judgment rendered in his favor, if no reply had been, filed.. The prayer for judgment in the cross-petition was-sufficient to support such judgment, and we must hold that, the judgment was rendered on the prayer of the cross-petition, and not on the prayer of the reply.
It is true that judgment was demanded in the cross-petition, on the statement of an unsettled account of earnings and profits between the joint owners of steamboats- and barges; but it is equally true, that the submission and awai’d set up in the answer was not, and was not intended as a bar or defense to the action, but only as a fact fixing and limiting the amount of recovery. The money due-on the award was the same indebtedness which was claimed in the cross-petition to be due on a unsettled account, to-wit, Benson’s share of the earnings and profits of the vessels..
,. Indeed, as a matter of pleading, the reply was of no significance except in so far as it put in issue the new matter-alleged in the answer by way of defense.
. ,-It'is urged, in favor of sustaining the judgment of reversal, that the admission of indebtedness contained in the answer was made under a mistake; that the submission of *299 the .differences between the parties to the arbitrament of Rogers had been withdrawn! by Good and Benson before-the award was rendered. This suggestion is not entitled to any controlling weight. If judgments could be affected by allegations of mistake in pleading the facts, more evil than good would result. A party has no right to comrlainif he be held to be bound, after judgment by an admission-solemnly made in his pleadings.
Motion granted. Judgment at general term reversed,, and that at special term affirmed.